# Harvey, Appellant, *v.* Schuylkill Trust Company.

*Corporations—Trust companies—Solicitor—Principal and agent.*

An action against a trust company to recover moneys paid to the solicitor of the company for investments, and embezzled by him, cannot be maintained where it appears that the solicitor had no authority to invest moneys for the company either by the by-laws, a copy of which the plaintiff had, or by the general practice of the company, or by express authority from the company, and there is no evidence of subsequent ratification by the company of the solicitor's acts, or of the existence of such other circumstances as would estop the company from denying its liability for the

solicitor's acts. In such a case it is immaterial that the solicitor was permitted to occupy an office with the trust company, or to use the letter heads of the trust company in his correspondence with the plaintiff.

Argued Feb. 19, 1901. Appeal, No. 359, Jan. T., 1901, by plaintiff, from judgment of C. P. Schuylkill Co., March T., 1892, No. 361, on verdict for defendant in case of Hannah P. Harvey v. The Schuylkill Trust Company. Before McCol-lum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit to recover money alleged to have been advanced by plaintiff to defendant for investment. Before Endlich, J., specially presiding.

At the trial it appeared that plaintiff had paid over by check at various times sums of money aggregating about $6,000 to Burd S. Patterson, the solicitor of the defendant, upon the understanding that the money was to be invested in certain mortgages. Patterson embezzled the money, and the plaintiff never received the mortgages. It appeared that Patterson had an office with the trust company in which he attended to the company's business as well as his own. In his correspondence with plaintiff he used the trust company's letter heads, and signed himself solicitor. In one of his earlier letters to plaintiff he sent her a copy of the by-laws of the company. Plaintiff had no authority under the by-laws to sell or negotiate the sale of securities to customers, nor to receive moneys from them for the company, and he had no such authority either by the general practice of the company, or by express authority from the company. The evidence failed to disclose any subsequent ratification by the company of Patterson's acts.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*R. H. Koch,* with him *George W. Ryon* and *N. H. Larzelere,* for appellant.

*S. H. Kaercher,* with him *N. S. Farquhar* and *D. W. Kaercher,* for appellee.

PER CURIAM, May 27, 1901 :

We are satisfied upon due consideration of this case that the learned judge of the court below committed no error in directing the jury to render a verdict for the defendant.

Judgment affirmed.